[L. A. No. 10453. In Bank.—May 11, 1928.]

MARTHA L. BARNES, Petitioner, v. CITY COUNCIL OF THE CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Bauer, Wright & Macdonald and Alexander Macdonald for Petitioner.

Nowland M. Reid, City Attorney, and Edmund J. Callaway, Deputy City Attorney, for Respondents.

PRESTON, J.—The issue of law here before us is presented by a petition for writ of mandate, with general demurrer thereto. Petitioner is a property owner in a disputed area which is either in or near the city of Long Beach, county of Los Angeles, state of California. Respondents are the City Council of the said city and the individual members constituting said council.

The petition recites proceedings in due and regular form under the act of March 20, 1889, as amended by the act of April 22, 1927, in effect July 29, 1927 (Stats. 1927, p. 421), to exclude from the municipality of Long Beach certain territory therein described, known as the West Shoestring Strip Exclusion District. Elections were regularly called and voting occurred both in the exclusion district and in the remaining area of the city and decisive majorities resulted in both areas in favor of exclusion. As required by statute, the City Council met following said elections, canvassed said returns and declared said results. But the statute imposes upon said Council a further duty, to wit: that said body "shall, by an order entered upon their minutes, cause their clerk or other officer performing the duties of clerk, to make and transmit to the secretary of state a certified abstract of such vote, which abstract shall show" certain things set forth in said statute and "from and after the date of filing such abstract, such exclusion of territory from such municipal corporation shall be deemed complete, and thereafter such territory shall cease to be a part of such municipal corporation."

The City Council refused to issue the order directing the city clerk to transmit to the secretary of state a certified abstract of the vote taken at said elections and the other data required by said provision of the statute, this step being necessary to make effective the result of such elections, and this suit for writ of mandate followed.

■ The chief reason assigned by respondents for refusal to comply with this provision of the statute is that such territory proposed to be excluded was never a part of said city of Long Beach. This contention arises out of the following facts: In 1923, pursuant to the act of 1913 (Stats. 1913, p. 587) a territory known as Greater Long Beach was supposed to have been annexed to the city of Long Beach. This proceeding for annexation became effective in January, 1924. The West Shoestring Strip Exclusion District is a part of that area and the contention is that such part of said area was uninhabited and noncontiguous territory within the meaning of said act, and thus the whole proceeding failed and became a nullity. Justification of the position of respondents is further sought in the fact that one, A. C. Brown, and others, among whom is petitioner, have an action pending which has for its purpose the securing of a judgment declaring the whole of said annexation scheme a nullity.

There is, in our opinion, no merit in this position so taken by the said City Council. In the first place, conceding the invalidity of the annexation proceedings, the action of the city in excluding it is but to render assurance doubly sure and thus end any controversy respecting the city's territorial jurisdiction over this shoestring area. If the invalidity of this proceeding be conceded, it does not render ineffective the elections. The most that could be said is that it might have been superfluous.

■ Moreover, we are of the opinion that the statute of 1889, as amended in 1927, applies to the exclusion of territory whether it be inhabited or uninhabited, contiguous or noncontiguous within the meaning of the Annexation Act of 1913, *supra*. The statute before us is not necessarily the converse of proceedings to annex territory. Uninhabited territory might have been made a part of the original area forming the municipal territory.

The matter of exclusion is determined by a vote of the qualified electors within the municipality, provided also a majority of the qualified voters in the area to be excluded have voted for exclusion. But if no voters are in said area or if an opportunity to vote is given and no votes are cast in said territory and this fact is made to affirmatively appear, we see no reason why exclusion would not be effective based upon the majority vote of the municipality alone. Otherwise from 1889 to 1913 there was in existence no method whereby a city could exclude uninhabited territory by an alteration of its boundaries. The method provided in 1913 (Stats. 1913, p. 703, chap. 346) makes necessary a resolution of the board of supervisors of the county wherein the municipality is situated approving the exclusion, followed by a special election in the municipality for the purpose, wherein a majority vote for exclusion must be had. The favorable resolution cannot be made if a majority of property owners to be excluded protest. The two systems, though widely different in some respects, have the same essence, to wit: a majority consent in both the area to be excluded and in the remainder of the territory of the municipality.

The act of 1913 does not purport to repeal the former act and in fact only applies specifically to uninhabited territory. It seems to be but a special procedure as to that kind of territory without attempting to supplant the former act. Then again the earlier act has recently, as above noted, been amended, and this without disclosing any attempt to repeal the act of 1913. We feel that both statutes are intact and that it must be so held. But the fact is that persons were residing in said area who voted at said election at voting places regularly established therein and a majority so voting favored exclusion.

The fact that Brown and others, including petitioner, have still pending and undetermined a suit challenging the validity of said annexation and proceeding does not warrant respondents here in persisting in their policy of inaction. There is no analogy between the position of persons attacking said proceeding and the position of the city here. The annexation proceeding is in the nature of a proceeding adverse to the rights of the property owners, but so far as

the City Council is concerned the proceeding was a voluntary one on its part.

Let the writ of mandate issue as prayed for.

Shenk, J., Richards, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.